IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

BARBARA PITKIN,

    Plaintiff,

    v.

OCWEN FINANCIAL CORPORATION *et al.*,

    Defendants.

Civil Action No. 8:12-cv-00573-AW

## MEMORANDUM OPINION

Pro se Plaintiff Barbara Pitkin brings this action against the following Defendants: (1) Ocwen Financial Corporation; (2) Ocwen Loan Servicing, LLC; (3) HSBC Bank USA, N.A., as Trustee; (4) Mortgage Electronic Registration Systems, Inc.;[1] (5) Wells Fargo Bank, National Association; (6) Law Offices of Shapiro & Burson, LLP; (7) John S. Burson;[2] Aaset Management, Inc.; (8) Ace Securities Corporation; and (9) Ace Securities Corp., Home Equity Loan Trust.[3] Plaintiff's Complaint sounds in mortgage fraud. Pending before the Court are several Motions to Dismiss. The Court has reviewed the record and deems no hearing necessary. For the reasons articulated herein, the Court **GRANTS** the pending Motions to Dismiss.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 2012, pro se plaintiff Barbara Pitkin filed a blunderbuss, 71- page Complaint containing vague, meandering allegations sounding in mortgage fraud. Doc. No. 1. Despite its impressive length, the Complaint boils down to the following few allegations.

---

[1] The Court refers to Defendants (1)-(4) as "the Ocwen Defendants."
[2] The Court refers to Defendants (6) and (7) as "the Burson Defendants."
[3] The Court refers to Defendants (8) and (9) as "the Ace Defendants."

In January 2005, Plaintiff approached a company for the purpose of obtaining a mortgage. In February 2005, Plaintiff and certain Defendants executed a mortgage and corresponding note on a property. Apparently, the note was assigned to one or more of the Ocwen Defendants.

Sometime later, Plaintiff's mortgage and note went into foreclosure. As a part of the state court foreclosure proceedings, Defendant Shapiro & Burson, acting through Defendant John Burson, was named as substitute trustee. The state foreclosure proceedings were decided adversely to Plaintiff. Plaintiff alleges that certain Defendants failed to provide her with important documents related to her mortgage and note. Plaintiff devotes the rest of her Complaint to providing general information regarding the mortgage lending industry and, in particular, mortgage-backed securities. Plaintiff also makes several vague, sweeping allegations concerning fraud and conspiracy.

The Court granted Plaintiff's motion for leave to proceed in forma pauperis. Pursuant to this order, the U.S. Marshall sought to effect service of process on the named Defendants. All but the Ace Defendants have moved to dismiss. The arguments Defendants have made in their motions are well-taken and the Court proceeds to dispose of them summarily.

## II.     STANDARD OF REVIEW

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This

showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### III.     LEGAL ANALYSIS

**A.     Motion to Dismiss of Defendant Aaset Management, Inc.**

The Court grants Aaset Management's (Aaset) Motion to Dismiss. Plaintiff's Complaint contains no allegations relating to Aaset in a meaningful way. Indeed, other than in the caption, the Complaint appears to mention Aaset in only one paragraph, and only in passing. Furthermore, as the subsequent analysis reveals, there is no reason to think that Plaintiff could state a cognizable claim against Aaset. Therefore, the Court dismisses Plaintiff's claims against Aaset with prejudice.

**B.      Motion to Dismiss of the Burson Defendants**

The Burson Defendants argue that Plaintiff's claims fail as a matter of law because (1) they are barred by res judicata and (2) they are facially implausible. The Court agrees with both of these arguments.

"Res judicata or claim preclusion bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (citation and internal quotation marks omitted). "For res judicata to prevent a party from raising a claim, three elements must be present: (1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Id.* (citation and internal quotation marks omitted). "In finding that the second suit involves the same cause of action, the court need not find that the plaintiff in the second suit is proceeding on the same legal theory he or his privies advanced in the first suit." *Id.* (citation omitted). "As long as the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." *Id.* (citation and internal quotation marks omitted).

In this case, Plaintiff appears to concede, and the record reflects, that a final judgment was entered in the state foreclosure action and that the action was decided adversely to Plaintiff. *See* Doc. No. 22-1 at 1–5.[4] Furthermore, Plaintiff was a party to the state proceedings and the current Defendants stand in essential privity with the substitute trustee in the state court proceedings. *Cf. Adkins v. Allstate Ins. Co.*, 729 F.2d 974, 975 n.1 (4th Cir.1984) (noting that res

---

[4] Courts may consider matters of public record without converting a motion to dismiss into one for summary judgment. *See Sec'y of State For Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

4

judicata may at times be used as a shield by a defendant in a second suit who was not a formal party to the first suit); *see also Savary v. Cody Towing and Recovery*, *Inc.*, Civil Action No. DKC 10–2159, 2011 WL 337345, at *3 (D. Md. Jan. 31, 2011) (noting the waning influence of a strict requirement of mutuality of parties under Maryland law). Additionally, as noted, this case is based on the same cause of action in that the present claims arise out of the same series of transactions as the claims in the state proceeding and Plaintiff could have asserted her claims in the state proceeding. *See, e.g.*, *Anyanwutaku v. Fleet Mortg. Grp., Inc.*, 85 F. Supp. 2d 566, 572–73 (dismissing claims of pro se plaintiff under doctrine of res judicata because he could have asserted them in foreclosure proceedings). Accordingly, the Court dismisses Plaintiff's claims against the Burson Defendants on res judicata grounds.

Dismissal would be proper even assuming dismissal on res judicata grounds were improper. Plaintiff's core allegation against the Burson Defendants is, quite simply, that John Burson acted as a substitute trustee in the state foreclosure proceeding. Beyond that, the Complaint contains no more than vague allegations and legal conclusions that are facially implausible and fail to raise Plaintiff's right to relief beyond a speculative level. In short, Plaintiff's claims against the Burson Defendants are not cognizable.

For these reasons, the Court dismisses the Plaintiff's claims against the Burson Defendants with prejudice.

**C.    Wells Fargo's Motion to Dismiss**

Wells Fargo moves to dismiss Plaintiff's Complaint on several grounds. First, Wells Fargo argues that Plaintiff's claims are barred by res judicata. The Court agrees for the reasons stated in Part III.B, *supra*. Second, Wells Fargo argues that Plaintiff's fraud claims are not

pleaded with particularity. The Court agrees. Plaintiff's allegations are vague and conclusory and do not support a plausible inference of fraud. *See* Fed. R. Civ. P. 9(b).

Third, Wells Fargo argues that Plaintiff's claims are time-barred. Maryland's three-year statute of limitations would apply to Plaintiff's state law tort claims. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101. Here, Plaintiff's sparse allegations lead ineluctably to the inference that the alleged fraud/misrepresentations underlying her claims traces back to 2005. Accordingly, Plaintiff's state law tort claims are time-barred.

Plaintiff's federal claims are likewise time-barred. Plaintiff appears to assert claims under TILA, RICO, the Fair Credit Reporting Act (FCRA), and the Fair Debt Collection Practices Act (FDCPA). TILA generally follows a one-year statute of limitations except for actions for rescission, to which a three-year statute of limitations applies. *See* 15 U.S.C. § 1640; *id.* § 1635(f). RICO, for its part, has a four-year statute of limitations for private enforcement actions. *See Potomac Elec. Power Co. v. Electric Motor and Supply, Inc.*, 262 F.3d 260, 266 (4th Cir. 2001). The FCRA is governed by a two-year statute of limitations. *TRW Inc. v. Andrews*, 534 U.S. 19, 22 (2001) (citing 15 U.S.C. § 1681p). Likewise, the statute of limitations under the FDCPA is two years. *Ross v. FDIC*, 625 F.3d 808, 810 (4th Cir. 2010).

In this case, although the Complaint is sparse on dates, Plaintiff clearly alleges that she entered into her mortgage and note in 2005. Plaintiff did not commence this action until February 2012, roughly seven years after executing the mortgage and note. Although Plaintiff makes vague, conclusory, and sweeping allegations of fraud, Plaintiff does not explicitly allege that one or more of the Defendants concealed her cause of action, and the Complaint is not amenable to such an inference. Furthermore, Plaintiff alleges that various Defendants failed to provide

certain documentation in the 2005 period. Therefore, all of Plaintiff's federal claims appear to be time-barred.

Moreover, assuming arguendo Plaintiff's federal claims are not time-barred, they are still facially deficient. Under the pleading standards enunciated in *Twombly* and *Iqbal*, threadbare factual allegations and bald legal conclusions are insufficient to survive a motion to dismiss. Therefore, the Court dismisses Plaintiff's claims against Wells Fargo with prejudice.

**D.     DB Structured's Motion to Dismiss**

The Court grants DB Structrued's Motion to Dismiss summarily. As with Defendant Aaset, other than in the caption, the Complaint mentions DB Structured in only one place. Furthermore, Plaintiff's claims against DB Structured would fail for the reasons mentioned in Part III.C. Accordingly, the Court dismisses Plaintiff's claims against DB Structured with prejudice.

**E.     Motion to Dismiss of the Ocwen Defendants**

Plaintiff's claims against the Ocwen Defendants fail as a matter of law. The Ocwen Defendants have filed a short Motion to Dismiss alleging that Plaintiff's claims fail because (1) they are facially implausible, (2) the fraud claims are not pleaded with particularity, and (3) they are barred by res judicata. The Court agrees with these arguments and incorporates its analysis from Parts III.A–D in support hereof. Accordingly, the Court dismisses Plaintiff's claims against the Ocwen Defendants with prejudice.

**F.     Odds and Ends**

The Ace Defendants have yet to answer or otherwise respond despite apparently having been served. Ordinarily, the Court would refrain from dismissing the case in light of one or more defendants' failure to answer or otherwise respond despite service. However, federal courts have

power to dismiss, sua sponte, cases on grounds of frivolity. *Ross v. Baron*, No. 12–1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012) (citations omitted). Here, requiring the Ace Defendants to answer or otherwise respond would amount to a waste of time and judicial resources considering that (1) Plaintiff is essentially using this case to relitigate the state foreclosure proceeding; (2) the Complaint barely mentions the Ace Defendants; and (3) Plaintiff's claims are facially deficient on numerous grounds. Accordingly, the Court dismisses Plaintiff's claims against the Ace Defendants with prejudice.

**IV.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the pending Motions to Dismiss. A separate Order, closing the case with prejudice, will follow.

| November 27, 2012 | /s/ |
| --- | --- |
| Date | Alexander Williams, Jr. |
| | United States District Judge |